COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-401-CR

 

 

JUAN CARLOS FLORES                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








After Appellant Juan Carlos Flores pled guilty
pursuant to a plea bargain to burglary of a habitation, the trial court placed
him on five years= deferred adjudication community
supervision and imposed a $500 fine.  Less
than a year later, the State filed a petition to proceed to adjudication and
amended it about six months later. 
Appellant entered an open plea of Atrue-but@ to the
State=s
allegations in the petition that he had violated the conditions of his
community supervision by using marijuana and by failing to complete counseling
and Anot true@ to the
allegation that he had committed a new offense. 
The trial court found all three allegations true, adjudicated Appellant=s guilt,
and sentenced him to five years=
confinement. 

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[3]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.








Once an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf.[4]  Only then may we grant counsel=s motion
to withdraw.[5]

We have carefully reviewed the record and counsel=s
brief.  We agree with counsel that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeal.[6]  Consequently, we grant the motion to withdraw
and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and MEIER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[4]Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.





[5]See Penson v. Ohio, 488 U.S. 75, 83B84, 109 S. Ct. 346, 351B52 (1988).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).